NOT DESIGNATED FOR PUBLICATION

No. 128,752

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL THOMAS BRITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Opinion filed February 20, 2026. Affirmed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Russell Britt appeals the district court's calculation of the jail credit he should receive toward his sentence for time spent incarcerated while his case was pending. He argues he should have been credited about 100 days beyond what the district court allowed. But he has not shown that he was incarcerated for that time. We granted Britt's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record, the arguments in Britt's motion, and the State's response, we affirm the district court's judgment but remand with directions to enter an amended journal entry of sentencing that clarifies the court's jail-credit decision.

1

Britt pleaded no contest to crimes and received a controlling sentence of 25 months' imprisonment in 2019. The district court suspended this sentence and placed Britt on probation. The sentencing journal entry noted that Britt was in jail from July 19, 2018, through February 13, 2019, and indicated that he was entitled to a credit against his underlying sentence of 208 days based on that incarceration.

Britt's probation was unfortunately not successful. He was sanctioned twice for probation violations, and each time his probation was extended by 18 months. In February 2024, after a third violation, the district court held a hearing and revoked Britt's probation, ordering him to serve his underlying sentence. The journal entry for that hearing indicated that Britt was entitled to *101* days of jail credit at the time of his original sentence—not the 208 days reflected on the sentencing journal entry. It also found that Britt had been jailed for 93 days while on probation, so a total of 194 days should be credited toward Britt's sentence.

Sometime later, Britt filed a motion contesting this credit calculation. He argued that the 2019 journal entry stated he was awarded 208 days of jail credit—not 101 days— and requested that his jail credit be corrected to reflect the additional days originally awarded. The State responded that it had learned that the Saline County Sheriff's Office used the wrong booking date in 2019, leading to an incorrect original jail-credit calculation. Britt later filed a second motion seeking four additional days of jail credit for previously unaccounted-for time Britt spent in Leavenworth County jail.

The district court held a hearing on these motions in January 2025. The court found that Britt was entitled to credit for the four days spent at the Leavenworth County jail. But the court found that despite the error in the earlier journal entry, Britt was entitled to *109*—not 208 or 101—days of jail credit toward his sentence. To reach this conclusion, the court reviewed an admitted exhibit from the Saline County Sheriff's Office, showing that Britt spent a total of 109 days in custody in Saline County awaiting

disposition of his cases before sentencing. Based on this evidence, the court found that there was a clerical error on the sentencing journal entry from 2019.

On appeal, Britt again contends that the 208 days of jail credit he was awarded on his 2019 journal entry was correct. The State responds that Britt was only incarcerated for 109 days before sentencing and is not entitled to jail credit for time he did not spend in custody. We agree with the State.

The statute governing Britt's request for jail credit is K.S.A. 2018 Supp. 21-6615(a), which requires that a defendant in a criminal case receive "an allowance" against their prison sentence for time "spent incarcerated pending the disposition of the defendant's case." The necessary inverse of this requirement is that a defendant does *not* receive credit for time *not* spent in custody. Britt points to no evidence beyond the 2019 journal entry to show that he was in custody for 208 days before he was sentenced. The district court found that this journal entry was incorrect based on the statement from the sheriff's office. In short, we find that the record supports the district court's conclusion that Britt was not entitled to receive jail credit for 208 days when he only spent 109 days in custody, and we affirm the district court's judgment.

Nevertheless, we are aware that the issue of jail credit has been a shifting target throughout this case, resulting in a series of orders that calculate and then recalculate the credit Britt should receive toward his sentence. It is unsurprising that the result has been some level of confusion. We thus remand the case with directions for the court to issue a corrected journal entry of sentencing that corrects the previous clerical error and includes the correct jail-credit calculation, so the parties and others who review that journal entry may have a clear record to rely upon in the future.

Affirmed and remanded with directions.